# United States Court of Appeals
## For the First Circuit

No. 23-2011

REYNALDO CRUZ,

Plaintiff, Appellant,

v.

UNIÓN INDEPENDIENTE AUTÉNTICA DE LOS EMPLEADOS DE LA AUTORIDAD
DE ACUEDUCTOS Y ALCANTARILLADOS; PUERTO RICO AQUEDUCT AND SEWER
AUTHORITY; JENNIFFER A. GONZÁLEZ-COLÓN, in her official capacity
as Governor of the Commonwealth of Puerto Rico,*

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Barron, Chief Judge,
Thompson and Gelpí, Circuit Judges.

Matthew B. Gilliam, with whom Milton L. Chappell, Ángel J.
Valencia, Veronica Ferraiuoli-Hornedo, National Right to Work
Legal Defense Foundation, Inc., and Estudio Legal Ferraiuoli, PSC
were on brief, for appellant.
José-Enrico Valenzuela-Alvarado, with whom Mariangeli
Mercado-Torres and Valenzuela-Alvarado, LLC were on brief, for
appellee Unión Independiente Auténtica de los Empleados de la
Autoridad de Acueductos y Alcantarillados.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2),
Governor Jenniffer A. González-Colón is automatically substituted
for former Governor Pedro R. Pierluisi-Urrutia.

    <u>Alberto Tabales-Maldonado</u>, with whom <u>Erika Berríos Berríos</u>, <u>Lady E. Cumpiano</u>, and <u>Schuster LLC</u> were on brief, for appellee Puerto Rico Aqueduct and Sewer Authority.

    <u>Francisco J. González-Magaz</u>, with whom <u>Omar Andino Figueroa</u>, Solicitor General of Puerto Rico, and <u>Francisco González P.S.C.</u> were on brief, for appellee Jenniffer A. González-Colón, in the official capacity as Governor of the Commonwealth of Puerto Rico.

July 24, 2026

**BARRON, Chief Judge**. In this appeal, Reynaldo Cruz asks that we vacate and reverse the order and judgment of the United States District Court for the District of Puerto Rico dismissing his claims as moot. In our prior opinion in this appeal, we rejected the bulk of Cruz's arguments challenging the District Court's ruling. See Cruz v. Unión Independiente Auténtica de los Empleados de la Autoridad de Acueductos y Alcantarillados (Cruz I), 161 F.4th 11, 16 (1st Cir. 2025). We left open the question, however, of whether Cruz could challenge that ruling on one basis that the District Court had not reached, and we remanded for further proceedings while retaining jurisdiction over the appeal. Id. at 16-17. The District Court issued a ruling on remand, and we now affirm.

**I.**

We recount the travel of the case to the extent necessary to provide context regarding the outstanding issue on appeal.

In the complaint that Cruz filed in federal court in the District of Puerto Rico, Cruz alleged violations of his constitutional rights by his employer, the Puerto Rico Aqueduct and Sewer Authority ("PRASA"); Unión Independiente Auténtica de los Empleados de la Autoridad de Acueductos y Alcantarillados ("UIA"), of which Cruz was formerly a member; and Jenniffer A. González-Colón ("Governor"), in the official capacity as Governor

of the Commonwealth of Puerto Rico[1] (collectively, the "defendants"). Id. at 13. Specifically, Cruz objected to the withholding from his pay of union dues used for "political, ideological, and other nonbargaining expenditures," and he contended that such withholding -- and the Puerto Rico law and collective bargaining agreement authorizing the withholding -- violated the First Amendment of the U.S. Constitution. Id. at 13-14. The complaint sought declaratory and injunctive relief, restitution, compensatory and nominal damages, and costs and attorneys' fees. Id. at 14.

While Cruz's suit was pending, the Supreme Court of the United States decided Janus v. American Federation of State, County, and Municipal Employees, 585 U.S. 878 (2018). PRASA thereafter stopped deducting union fees from Cruz's pay and explained that it did so in compliance with an Opinion Letter issued by the Puerto Rico Secretary of Justice concluding that, under Janus, unauthorized union fee deductions were unconstitutional. Cruz I, 161 F.4th at 14. For its part, UIA filed a motion with the District Court under Federal Rule of Civil Procedure 67 that sought leave to deposit with the District Court the full amount of compensatory damages Cruz sought, plus interest

---

[1] Jenniffer A. González-Colón was automatically substituted for the former Governor of the Commonwealth of Puerto Rico pursuant to Federal Rule of Appellate Procedure 43(c)(2).

and nominal damages.  Id.  The District Court requested that UIA's deposit be "unconditionally tendered," and UIA subsequently deposited funds in compliance with that order.  Id. at 15.

The District Court thereafter issued an order in which it dismissed all of Cruz's claims as moot.  Id.  As relevant here, the District Court held that Cruz's request for declaratory relief was moot because the challenged conduct had ceased, and that his request for damages was moot because UIA had deposited with the court "the amount corresponding to union dues and fees deducted from [Cruz]'s wages."[2]  Id.

Cruz then filed a motion asking the District Court to alter and amend its judgment under Federal Rule of Civil Procedure 59(e).  Id.  In that motion, he requested that the court enter "a declaratory judgment . . . adjudicating his legal claims and entitlement to the UIA deposit."  Id.  The District Court denied the motion, explaining that UIA "deposited the money that [Cruz] requested" and that "the money is [Cruz's] for the asking."  Id. (second alteration in original).

Cruz timely appealed.  Id.

On appeal, Cruz asked us to vacate the District Court's order dismissing his claims as moot and direct the District Court to enter judgment in his favor.  Id. at 15-16.  In his briefing to

_____

[2] The District Court also ruled that Cruz's request for injunctive relief was moot; Cruz did not appeal that ruling.

- 5 -

our Court, Cruz argued that he was unable to access the funds UIA had deposited with the District Court absent a declaratory judgment in his favor on the merits of his claims. Id. at 16. We rejected this "lead argument" by Cruz for challenging the District Court's mootness determination, explaining that the District Court's ruling entitled him to the funds he sought. Id.

We noted, however, that Cruz had also asserted at oral argument that his request for declaratory relief was not moot because, absent a declaration that his First Amendment rights had been violated, "he may be unable to seek 'prevailing party' attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988." Id. Because the District Court had "not address[ed] the prevailing party issue below or how it might bear on the mootness issue," we remanded to the District Court for consideration of that question, while retaining jurisdiction over the appeal. Id. at 16-17.

On remand, the District Court concluded that Cruz had not waived the issue of whether he was a "prevailing party," and it went on to hold that Cruz qualified as a prevailing party as against UIA. The District Court also held, however, that the prevailing party issue had "no bearing on the general mootness issue or this case's dismissal." The District Court pointed to the "well-settled" rule that "a party's interest in recouping attorney's fees does not create a stake in the outcome sufficient

to resuscitate an otherwise moot controversy." <u>Diffenderfer</u> v. <u>Gómez-Colón</u>, 587 F.3d 445, 452 (1st Cir. 2009).

We then issued an order asking the parties "to address why this Court should not affirm the dismissal of all of Cruz's claims as moot."

## II.

The parties submitted supplemental briefs in response to our order, and every party agrees that we should affirm the District Court's dismissal of Cruz's claims as moot. Because everyone agrees that the prevailing party issue does not bear on mootness and thus that Cruz's claims are all moot, we affirm the District Court's ruling dismissing the claims.

The parties do raise various other contentions in their supplemental briefs to our Court, including whether the District Court's prevailing party determination was in error and whether the present case should be dismissed against certain defendants. Because those questions lie beyond the bounds of the initial appeal over which we retained jurisdiction and no party argues that the resolution of those questions directly impacts the only question before our Court, we leave them to another day should they come before us.

## III.

For the foregoing reasons, we **<u>affirm</u>**.